There is a relatively simple issue before the court, which is whether or not the district court plainly erred in applying an enhancement under the sentencing guidelines. That particular enhancement requires that the court find that there was an unauthorized transfer or use of a means of identification to produce another means of identification. So, sir, I take it that your position is that this case on appeal is squarely controlled by Melendez. Yes, Your Honor. Do you have anything to add to that case? Very little, Your Honor. I think the government even agrees that if, in fact, and the bottom line behind that is that the identification has to be of an actual living identified person. Your point is that there is no evidence of that in this case. That's correct. And further, in my reply brief, I pointed out that the government's assertions to the contrary all go outside of the record in this case, and that's simply it. If the court finds that acceptable, I lose. If the court believes that to be improper, then I win and the case is remanded for further rehearing. In that case, doesn't it make sense to hear from government counsel? That would be fine with me. I suspect the government might disagree on that point.  Save your time for rebuttal. I'll save 9 minutes, 8 minutes for rebuttal. Thank you. And may it please the Court, I'm Timothy Vasquez. I'm an assistant United States attorney from the District of Nevada. I have some difficulty with the briefing in this case. I may be missing something, okay, which is why I'm asking the question. But in the brief, without citation to anything in the record, the government asserts that inspection revealed that passports used by the appellant were genuine South Korean passports that had been issued to other persons and altered by the insertion of a forged page containing appellant's photographs, aliases, and new passport the government. Now, I was unable to find anything in the record that supports that, and there's no citation here to it. And Your Honor and counsel are on that point correct. Well, how in the world does the United States government think that it is appropriate to file a brief in this Court that makes that kind of very specific factual representation without support in the record? Your Honor, I — and I apologize to the Court because, quite frankly, there's been two ships passing the night as I've listened to you. I mean, there's no ship passing on a representation of a fact, A, without citation to the record, which is a breach of the rules, but even worse than that, a fact that simply isn't in the record at all. Would you agree with that? I mean, in behalf of the United States, do you acknowledge that that's not a cool thing to do? I do, Your Honor. All right. And that then brings me to my argument before the Court today, which is the plain error standard and the reason it's not in the record, that is, when this case — and I'm not going to address the fact because the Court's aware the facts weren't developed below. The reason for that is probation officer prepared to report after looking at the discovery and looking at the factual basis, some of which I, as the Court has pointed out, improperly cite. Now, we then get to the sentencing proceedings themselves. The defendant or the appellant below raised two objections. That is, he contended that the probation office had miscalculated the intended loss and an objection as to rule. There was no objection as to this enhancement. Now, in the stipulation of facts, there is language discussing that these are, in fact, altered passports being presented at the Department of Motor Vehicles in Nevada to get Nevada identification documents, Nevada identification cards. It doesn't go into the detail, and I regret that. Nothing in the stipulation that indicates that these were I.D. numbers or whatever of actual, not fictitious persons, right? I would agree it doesn't go into that specificity, yes, ma'am. Then why doesn't Melendrez squarely control? Your Honor, I would agree that Melendrez does control, but I think I come to a different conclusion than defense counsel does on this point under the plain error standard. And that is, under Melendrez, well, I'm going to start arguing facts and I'll try to avoid that. What happened below was there was a lengthy evidentiary hearing on the objections that were raised. At that hearing, there was no objection to address, no evidence was presented because counsel hadn't made any objection to that enhancement. In fact, if you look at the excerpt, the transcript from that, and this is at the excerpt of record, it begins at page 60, but the pertinent language is at page 61. Defense counsel is informing the Court as to what the issues are, and he talks about the issue of intended loss and submits that he thinks all the evidence has been produced and therefore we don't need to hear from the government on that point. Then he goes on to suggest to the Court that the evidence, if it's required, should be limited to the contested point of the defendant's role. In other words, even when we go through the sentencing hearing, there's no objection. Not only is there no objection, defense counsel asks that the government limit its evidence to the two points in contention. And I did that. And that's the problem I have now before this Court. And that's why I come before you today after reviewing the reply brief and the ships colliding in the night, if you will, I have come to grasp with the nature of the argument being advanced by the defense counsel. I believe under the plain error standard, when you look at the record, first of all, in light of the fact that probation, government counsel and defense counsel, people who are most familiar with the facts of this case, probation looked at all the files and the Court all drew the inference that these were genuine altered but genuine Korean documents that were being used to obtain these Nevada identification cards. The error certainly wasn't plain. Well, your argument is you got suckered at the hearing in hindsight. But if we just look at the record, just the record, it would appear that Melendrez controls the error as plain, and it has to affect his substantial rights. So why, even under plain error review, based on the four corners of the record, are we required to reverse? Because there is a fourth part to the plain error standard, and that would be does it impact judicial integrity and the perception of the fairness of the proceedings. And under these circumstances, Your Honor, I submit to the Court it doesn't meet that fourth prong, even if you find that this was plain error. And I suppose it's just because I have familiarity with the facts of the case and not the record of the case that I lost my focus on that point. But even if you look at the plain error standard and look at that fourth prong in terms of did this impact justice, was justice done in this case, was the integrity of the proceedings compromised, I submit to the Court that it wasn't. And certainly, if the Court feels that the error was plain and that this does, we'll go back down and I'll call the additional witness and I'll present the additional evidence at this point and we'll do it again. But from the government's perspective, I suppose there's just a little bit of frustration that you go into a sentencing proceeding, the issues have been identified, defense counsel asks you to limit your evidence to the points in contention, and when you do that, I end up here being told that I hadn't sufficiently perfected the record. And on that, I admit that that's true. I don't know if there's anything else I can tell the Court. If you have to answer questions, but if not, I'll turn it over to Mr. Allen. Thank you, counsel. Your Honors, if I may just very briefly clarify what might be a point of confusion here. I have been through, Mr. Vasquez made reference to the discovery in this case and may have left the Court with the impression that he was somehow sandbagged on this. I have been through the discovery in this case. I have talked with the two trial attorneys in my office who represented Mr. Ceo. There was a change of counsel at Mr. Ceo's request between plea and sentencing. There is nothing in the discovery to support the government's position. They submitted a... Well, that's extra record stuff now, too, right? I'm sorry? That's outside the record here. Aren't we just... Yeah, I'm sorry, and I don't mean to get outside... You're just saying, you're just responding to my question that he may have been sandbagged at sentencing. And that's just something we don't know. I just didn't want to leave the Court with that impression. I have no other comments unless there are questions. Thank you. The case, if there are, will be submitted. Next case on the calendar is the United States v. Schuman.
judges: Reinhardt, Rymer, Thomas